First State Bank v. Yoho.

---

FIRST STATE BANK OF CRETE, APPELLEE, V. SPENCER A. YOHO, APPELLANT.

FILED MAY 26, 1923. No. 22364.

**Appeal:** SUFFICIENCY OF EVIDENCE. When on appeal the question

presented is the sufficiency of the evidence to sustain the ruling of the trial court on a motion to dissolve an attachment, and from an examination of the whole record it is apparent that a finding other than that made by the trial court could not be sustained, the evidence will be held sufficient.

APPEAL from the district court for Saline county: LEONARD W. COLBY, JUDGE. *Affirmed.*

*Bartos & Bartos,* for appellant.

*Glenn N. Venrick* and *Cosgrave & Campbell, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

MORRISSEY, C. J.

This action is founded upon promissory notes aggregating $8,400. The notes were executed and delivered to plaintiff by defendant, who was engaged in the automobile and garage business. As security for the payment of the notes, defendant executed a chattel mortgage covering his stock of merchandise, equipment, etc., but the mortgage was withheld from record, and, under an agreement between the parties, defendant was authorized to continue his business and sell his stock; the proceeds from the sales, however, to be applied upon the notes. Forty days after the making of the notes, and before any of them had matured, plaintiff instituted proceedings in replevin to recover possession of the property covered by the chattel mortgage and still remaining in the possession of defendant, and instituted this proceeding by attachment to reach other property of defendant. The replevin proceedings are not before us, and we are dealing only with the proceedings had under the attachment.

Five separate grounds for the attachment were alleged, but the allegations that are material for this review are: That defendant was about to remove his property out of the jurisdiction of the court with intent to defraud his creditors; that he was about to convert his property into money for the purpose of placing it beyond the reach of his creditors; that he had property, money and rights in

First State Bank v. Yoho.

action which he concealed; and that he had assigned, removed or disposed of or was about to dispose of his property or a part thereof with an intent to defraud his creditors.

Defendant filed a motion to dissolve the attachment; the grounds therefor being that the statements in the affidavits for attachment were untrue. The motion was overruled and judgment in favor of plaintiff was entered upon the notes. Defendant has appealed.

Although presented in several ways, there is but one question for consideration, namely, the sufficiency of the evidence to sustain the attachment. It is purely a question of fact. At the time of executing the notes defendant furnished plaintiff a property statement in which he alleged that the fair and reasonable value of his chattel property was $16,947.75, and that his unpaid bills did not exceed $600. Within the succeeding 40 days he sold the greater part of his stock of goods, office fixtures and garage equipment at wholesale prices, or less, until at the time plaintiff instituted proceedings the goods and equipment remaining, when put upon the market and sold, brought only $3,779.27.

It would needlessly incumber the reports to set out in detail a statement of defendant's transactions: The method of making the sales and the prices realized show conclusively that the sales were not made in the usual course of business. The sales of the office fixtures and shop equipment strongly indicate a determination on the part of defendant to sell not only the merchandise, but to close out the business. It is conceded that the proceeds from the sales were not applied upon the notes, and defendant undertakes to justify his conduct in this regard by saying that he had been advised by his brother-in-law to first pay his unsecured indebtedness. In addition to making the sales heretofore mentioned, defendant also executed on the very day the attachment was procured a note and mortgage in favor of his wife for $6,500 covering the only real estate he then owned. De-

fendant claims that the note and mortgage were executed after the attachment issued, but from all the circumstances we cannot escape the conclusion that they were executed in anticipation of the attachment proceedings. It may be worthy of mention also that improvements had recently been made upon this real estate with the money realized from the property on which plaintiff held a mortgage, and that when defendant submitted his property statement to plaintiff he made no mention of any indebtedness due to his wife.

When the whole record is considered, the conclusion is irresistible that the allegations of the affidavit in attachment are true. No finding other than that made by the trial judge could be sustained, and the judgment is

AFFIRMED.